IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DANIELLE MARIE MCCRORY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO.:_____ |
| ) | |
| COSTCO WHOLESALE ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

**COMES NOW COSTCO WHOLESALE CORPORATION (hereinafter "Costco"),** the Defendant in the above-styled cause, and pursuant to 28 U.S.C. §§ 1441 and 1446, gives notice of its removal of this action to the United States District Court for the Southern District of Alabama, Southern Division. This removal is based on the following:

1.  Upon information and belief, Plaintiff Danielle Marie McCrory is a resident citizen of the State of Alabama and was a resident citizen of the State of Alabama at the time of the incident made the basis of the complaint and at the time of this removal. See Complaint, ¶ 1.

2.  Costco Wholesale Corporation was incorporated in the State of Delaware and has its principal place of business in Issaquah, Washington.[1] Pursuant

---

[1] See Alabama Secretary of State website "Business Entity" search.

to 28 U.S.C. § 1332(c)(1), Costco is a citizen of the State of Delaware and the State of Washington.

3. This action is removed within 30 days of the date within which it is first removable.

4. This action is a matter of which the United States District Court has jurisdiction in that the controversy is wholly between citizens of different states and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, in compliance with 28 U.S.C. § 1332.

5. Plaintiff Danielle McCrory filed suit against Costco in the Circuit Court of Mobile County, Alabama alleging negligence and wantonness in connection with slip and fall that occurred on June 5, 2020 at Costco located in Mobile, Alabama. The Plaintiff contends that she suffered the following injuries and damages:

> Plaintiff was made sick, sore, and lame; Plaintiff was battered, bruised and contused; Plaintiff was permanently injured; Plaintiff suffered physical pain and suffering and mental anguish and will so suffer in the future; Plaintiff incurred medical bills and expenses and will incur such expenses in the future; Plaintiff lost wages and an ability to earn money.

Plaintiff's Complaint, ¶¶ 9, 14. Plaintiff is seeking compensatory and punitive damages.

6. Plaintiff's complaint does not specify the amount she seeks in damages.

7. 28 U.S.C. § 1332 confers on federal courts jurisdiction in civil actions in which the matter in controversy exceeds the sum or value of $75,000, exclusive

of interest and costs, and is between citizens of different states. A party may remove the case if it originally could have been brought in federal court. See, 28 U.S.C. § 1441(a).

8.  In the instant action, it cannot be disputed that this case is between citizens of different states. With respect to the amount in controversy, when a plaintiff does not specify the amount of damages being sought, Courts apply a preponderance of the evidence standard to the amount in controversy analysis. See, Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744 (11th Cir. 2010); Lowery v. Ala. Power Co., 483 F.3d 1184 (11th Cir. 2007). A removing defendant need only show that "the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." Roe v. Michelin North America, Inc., 613 F.3d 1058, 1061 (11th Cir. 2010)(quoting Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1357 (11th Cir. 1996)). A removing defendant is not required "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Renfroe v. Allstate Property and Cas. Ins. Co., 2010 U.S. Dist. LEXIS 111336, at *6, 2010 WL 4117038, at * 2 (S.D. Ala. Sept. 23, 2010)(quoting Pretka, 608 F.3d at 754).

9.  Here, the Plaintiff is claiming that she is permanently injured, has incurred and will continue to incur medical bills and has lost wages as well as her "ability to earn money." Prior to the time suit was filed, the Plaintiff produced documents evidencing $1,585.50 in personal property damage and $4,419.21 in past medical bills and expenses. See Declaration of Deb Hartigan, attached hereto as

Exhibit 1. Additionally, according to information received from Plaintiff's counsel, the Plaintiff is claiming that she will have to incur medical treatment and expenses for an anterior cervical discectomy and fusion. Ex. 1. Based on her past expenses and her claim for future medical treatment and expenses, Plaintiff demanded $100,000 to resolve this claim. Ex. 1.

10.   "While [a] settlement offer, by itself, may not be determinative, it counts for something." Burns v. Windsor Insurance Co., 31 F.3d 1092, 1097 (11th Cir. 1994). Settlement offers that provide specific information to support the claim for damages suggest the plaintiff is offering a reasonable assessment of the value of the claim. Golden Apple Management Co. v. Geac Computers, Inc., 990 F. Supp. 1364, 1368 (M.D. Ala. 1998); Benandi v. Mediacom Se., LLC, 2011 U.S. Dist. LEXIS 125084, 2011 WL 5077403, at *3 (S.D. Ala. Sept. 30, 2011)(where plaintiff counsel's letter demanded $92,000 and described in detail plaintiff's injuries, the costs incurred to date and anticipated, and specifically described the figure as "a conservative estimate," it was not a speculative lump sum demand and was properly considered in denying motion to remand); Jones Welding Co. v. Paceco Corp., 2013 U.S. Dist. LEXIS 99528 at *12 (S.D. Ala. June 28, 2013)(Plaintiff's settlement demand did "not appear to be speculative; it [did] not appear to be an arbitrary lump sum that [could] be attributed to specific items of damage; and it [did] not appear to be mere puffing or posturing").

11.   Here, the Plaintiff's $100,000 demand was supported by prior expenses

totaling $6,0004.71, a claim by a dental hygienist that she "lost wages and an ability to earn money," permanent injury and a claim that she will need to undergo medical treatment and expenses for an anterior cervical discectomy and fusion, which would necessarily include time off from work. Costco has met its burden of proving that the amount in controversy exceeds the jurisdictional limits of this Court.

12. A copy of this Notice of Removal has been filed with the Circuit Court of Mobile County, Alabama.

13. Pursuant to 28 U.S.C. § 1446(a), Costco gives notice of filing "all process, pleadings, and orders served upon [it] in [this] action." All documents served on Costco as of the date of filing this Notice of Removal are attached hereto as Ex. 2.

WHEREFORE, PREMISES CONSIDERED, Costco Wholesale Corporation requests that this Court to assume full jurisdiction over the cause herein as provided by law.

*Paul J. DeMarco*
PAUL J. DEMARCO      (ASB-1193-d63p)
Attorney for Defendant

**OF COUNSEL:**

PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL 35216
(205) 326-6600
pdemarco@pljpc.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing pleading with the Clerk of the Court using the Alafile system which will send notification of such filing to the following counsel of record in this case:

Charles J. Barber, II
Greene & Phillips
51 N. Florida Street
Mobile, Alabama 36607

This the 15th day of November 2021.

/s/ Paul J. DeMarco
OF COUNSEL