## ALABAMA SJIS CASE DETAIL

PREPARED FOR: DENA SHANEYFELT



alacourt.com

County: **02**   Case Number: **CV-2021-901759.00**   Court Action:

Style: **DANIELLE MARIE MCCRORY V. COSTCO WHOLESALE CORPORATION**

Real Time

### Case Action Summary

| Date: | Time | Code | Comments | Operator |
|-------|------|------|----------|----------|
| 10/4/2021 | 10:58 AM | ECOMP | COMPLAINT E-FILED. | BAR199 |
| 10/4/2021 | 10:58 AM | FILE | FILED THIS DATE: 10/04/2021          (AV01) | AJA |
| 10/4/2021 | 10:58 AM | EORD | E-ORDER FLAG SET TO "Y"          (AV01) | AJA |
| 10/4/2021 | 10:59 AM | ASSJ | ASSIGNED TO JUDGE: BRANDY B HAMBRIGHT          (AV01) | AJA |
| 10/4/2021 | 10:59 AM | TDMJ | JURY TRIAL REQUESTED          (AV01) | AJA |
| 10/4/2021 | 10:59 AM | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 10/4/2021 | 10:59 AM | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 10/4/2021 | 10:59 AM | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 10/4/2021 | 10:59 AM | C001 | C001 PARTY ADDED: MCCRORY DANIELLE MARIE   (AV02) | AJA |
| 10/4/2021 | 10:59 AM | C001 | LISTED AS ATTORNEY FOR C001: BARBER CHARLES JOSEP | AJA |
| 10/4/2021 | 10:59 AM | C001 | C001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 10/4/2021 | 10:59 AM | C001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 10/4/2021 | 10:59 AM | D001 | D001 PARTY ADDED: COSTCO WHOLESALE CORPORATION | AJA |
| 10/4/2021 | 10:59 AM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 10/4/2021 | 10:59 AM | D001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 10/4/2021 | 10:59 AM | D001 | D001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 10/4/2021 | 10:59 AM | D001 | SHERIFF ISSUED: 10/04/2021 TO D001          (AV02) | AJA |
| 10/4/2021 | 11:45 AM | TRAC | CASE ASSIGNED TO: FAST     TRACK          (AV01) | JOD |
| 10/4/2021 | 11:45 AM | DAT4 | FOR: CERT TO BE FILED ON 06/24/2022 @ 0900A (AV01) | JOD |
| 10/4/2021 | 11:47 AM | SORD | SERVICE ORDER SENT TO D001 | JOD |
| 10/4/2021 | 11:51 AM | TEXT | ISSD TO MONTGOMERY COUNTY SHERIFF | JOD |
| 10/25/2021 | 8:44 AM | D001 | SERVICE OF SERVED PERSON ON 10/14/2021 FOR D001 | JOD |
| 10/25/2021 | 8:45 AM | ESERC | SERVICE RETURN | JOO |
| 11/12/2021 | 4:07 PM | D001 | LISTED AS ATTORNEY FOR D001: DEMARCO PAUL JOHN | AJA |
| 11/12/2021 | 4:07 PM | D001 | ANSWER OF COMP DENIED ON 11/12/2021 FOR D001(AV02) | AJA |
| 11/12/2021 | 4:08 PM | EANSW | D001 - COMPLAINT DENIED E-FILED. | DEM010 |
| 11/12/2021 | 4:13 PM | EDISC | NOTICE OF DISCOVERY E-FILED. | DEM010 |

   *END OF THE REPORT*

DOCUMENT 2



ELECTRONICALLY FILED
10/4/2021 10:58 AM
02-CV-2021-901759.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| **DANIELLE MARIE MCCRORY,** * | |
| * | |
| **Plaintiff,** * | |
| **v.** * | |
| * | |
| **COSTCO WHOLESALE** * | **CASE NO.: CV-2021** |
| **CORPORATION, and Fictitious** * | |
| **Defendants A – Z, being parties whose** * | |
| **fault caused or contributed to the injuries** * | |
| **sustained by the Plaintiff which is the** * | |
| **basis of this suit, and whose names,** * | |
| **capacities and identities are otherwise** * | |
| **unknown to the Plaintiff and which will** * | |
| **be added by amendment when** * | |
| **ascertained,** * | |
| * | |
| **Defendants.** * | |

### COMPLAINT
### JURISDICTIONAL PREAMBLE

COMES NOW the Plaintiff, Danielle Marie McCrory, and in accordance with the *Alabama Rules of Civil Procedure*, files the following claim for relief against the Defendant, Costco Wholesale Corporation, and Fictitious Defendants, A – Z, as follows:

1.   Plaintiff, Danielle Marie McCrory, is an adult resident of Mobile County, Alabama.

2.   Defendant, Costco Wholesale Corporation, is a corporation conducting business in Mobile County, Alabama.

3.   Fictitious Defendants A – Z are persons, firms, corporations and/or entities within the jurisdiction of this court as set out in the style of this Complaint, whose true names are unknown to the Plaintiff at this time but will be substituted by amendment when discovered.

4.   The amount in controversy is within the jurisdictional limits of this Honorable Court.

DOCUMENT 2

## FIRST CAUSE OF ACTION
## NEGLIGENCE

Plaintiff, Danielle Marie McCrory, alleges against the Defendants, Costco Wholesale Corporation and Fictitious Defendants A – Z, separately and severally as follows:

5.    The Plaintiff adopts and realleges all prior paragraphs as if fully set out herein.

6.    On or about 6/5/2020, Plaintiff, Danielle Marie McCrory, while an invitee, was upon the premises, either owned or under the control of the Defendants, located at 1450 Tingle Circle E.  While in an area open to invitees and expected to be traversed by said invitees, the Plaintiff slipped on a substance on the ground, which caused her to fall and sustain injuries to her person.

7.    Plaintiff's fall was the proximate result of the Defendants' negligence in that the Defendants knew or should have known of the defective condition of the ground and failed to either remedy the defect or warn the Plaintiff of the defect.

8.    The defect on the ground was not an open and obvious hazard.

9.    As a proximate result of the Defendants' negligence, Plaintiff suffered the following injuries and damages: Plaintiff was made sick, sore, and lame; Plaintiff was battered, bruised and contused; Plaintiff was permanently injured; Plaintiff suffered physical pain and suffering and mental anguish and will so suffer in the future; Plaintiff incurred medical bills and expenses and will incur such expenses in the future; Plaintiff lost wages and an ability to earn money.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages in a sum within the jurisdictional limits of this Court, plus interest and cost.

## SECOND CAUSE OF ACTION
## WANTONNESS

DOCUMENT 2

Plaintiff, Danielle Marie McCrory, alleges against the Defendants, Costco Wholesale Corporation and Fictitious Defendants A – Z, separately and severally as follows:

10.     The Plaintiff adopts and realleges all prior paragraphs as if fully set out herein.

11.     On or about 6/5/2020, Plaintiff, Danielle Marie McCrory, while an invitee, was upon the premises, either owned or under the control of the Defendants, located at 1450 Tingle Circle E.  While in an area open to invitees and expected to be traversed by said invitees, the Plaintiff slipped on a substance on the ground, which caused her to fall and sustain injuries to her person.

12.     Plaintiff's fall was the proximate result of the Defendants' wantonness in that the Defendants knew or should have known of the defective condition of the ground and failed to either remedy the defect or warn the Plaintiff of the defect.

13.     The defect on the ground was not an open and obvious hazard.

14.     As a proximate result of the Defendants' wantonness, Plaintiff suffered the following injuries and damages: Plaintiff was made sick, sore, and lame; Plaintiff was battered, bruised and contused; Plaintiff suffered permanent injuries; Plaintiff suffered physical pain and suffering and mental anguish and will so suffer in the future; Plaintiff incurred medical bills and expenses and will incur such expenses in the future; Plaintiff lost wages and an ability to earn money.

WHEREFORE, Plaintiff demands judgment against the Defendants for punitive damages in a sum within the jurisdictional limits of this Court, plus interest and cost.

/s/ CHARLES J. BARBER II
CHARLES J. BARBER II (BAR199)
Attorney for Plaintiff

DOCUMENT 2

OF COUNSEL:
GREENE & PHILLIPS
51 N. Florida Street
Mobile, Alabama  36607
251-478-1115 – Telephone
251-471-3920 – Facsimile

**<u>DEFENDANT MAY BE  PERSONALLY SERVED AS FOLLOWS:</u>**

**Costco Wholesale Corporation**
**c/o CT Corporation System**
**2 N. Jackson St., Ste. 605**
**Montgomery, AL  36104**

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

**DANIELLE MARIE MCCRORY,**            *
                                      *
    **Plaintiff,**                  *
**v.**                                 *
                                      *
**COSTCO WHOLESALE**                   *          **CASE NO.: CV-**
**CORPORATION, and Fictitious**        *
**Defendants A – Z, being parties whose** *          **TO BE SERVED**
**fault caused or contributed to the injuries** *    **WITH COMPLAINT**
**sustained by the plaintiff which is the** *
**basis of this suit, and whose names,** *
**capacities and identities are otherwise** *
**unknown to the plaintiff and which will** *
**be added by amendment when**         *
**ascertained,**                       *
                                      *
    **Defendant,**                  *

### PLAINTIFF'S FIRST SET OF INTERROGATORIES
### AND REQUEST FOR PRODUCTION OF DOCUMENTS TO
### DEFENDANTS

    COMES NOW the Plaintiff, Danielle Marie McCrory, pursuant to Rules 33 and 34 of the

Alabama Rules of Civil Procedure, and propounds the following Interrogatories and Request for

Production of Documents to Defendants to be answered fully in writing and under oath within

forty-five (45) days of the service hereof:

    1.    State the name, address, telephone number, business employment, job title, name

of direct supervisor, social security number, age, date of birth and driver's license number of the

person answering these discovery requests.

**RESPONSE:**

    2.    State the name, address and telephone number of each individual:

a)   who witnessed the incident made the basis of this suit or the events occurring immediately before or after the incident made the basis of this suit;

b)   who heard any statements made about the incident made the basis of this suit of any individual at the scene; and

c)   who you or anyone acting on your behalf claim to have knowledge of the incident made the basis of this lawsuit.

**RESPONSE:**

3.   State the names and addresses of **each** and every person that you or anyone acting on your behalf has talked to regarding or relating to the incident made the basis of this lawsuit, the nature of said discussions and further state when and where such discussions took place.

**RESPONSE:**

4.   State the name and address of each and every person from whom you have obtained a statement, whether written or oral, taped or videotaped; provide the date and time said statement was taken.

**RESPONSE:**

5.   Please state whether you are named correctly in the Complaint. If not, please state your correct legal name.

6.   For each of your employees, agents or representatives physically present at the time and place of the incident made the basis of this suit, including but not limited to the individual(s) who were to maintain the conditions of the floors, please state:

a)   his or her name, address and telephone number;

b)  job title of said individuals as of the date of the incident made the basis

of this suit;

c)  whether he or she was on duty at the time of the incident made the basis

of this suit; and

d)  the job or function he or she was performing at the time of the incident

made the basis of this suit.

**RESPONSE:**

7.  Please list all applicable insurance policies which would provide coverage for

the loss made the basis of the Complaint.  Include the name of the company who issued the

policy, the policy number, and the limits of insurance.  Attach a copy of the policy to your

response to these interrogatories.

**RESPONSE:**

8.  Produce for inspection and copying any and all pictures, video tapes, slides

or negatives depicting any place, object, or individual pertaining to or relating to the incident

made the basis of this lawsuit.

**RESPONSE:**

9.  State in detail how the incident made the basis of this suit occurred.

**RESPONSE:**

10.  Within the past five (5) years, has the Defendant received or become aware

of any claim resulting from injuries alleged to be suffered in slip and fall or trip and fall

incidents at the premises where the Plaintiff fell?

**RESPONSE:**

11.  For each claim mentioned in your answer to Interrogatory No. 10, state:

      a)    the date of the alleged injury;

      b)    the date claim was received;

      c)    name and address of alleged injured claimants; and

      d)    name and address of the claimants' attorneys (if any).

**RESPONSE:**

12.    Within the past five (5) years, has the Defendant(s) been involved in any other personal injury claims which either settled short of the filing of a lawsuit or any lawsuits arising from slip and fall or trip and fall incidents suffered, or alleged to be suffered, at the premises where the Plaintiff fell or any other premises under the custody or control of this Defendant(s)?

**RESPONSE:**

13.    For each claim or lawsuit mentioned in your answer to Interrogatory No. 12, state:

      a)    the date(s) the litigation was filed;

      b)    the court(s) in which it was filed;

      c)    the case name(s);

      d)    the case number(s);

      e)    the lawyer(s) who represented the plaintiffs; and

      f)    the date of the alleged injury.

**RESPONSE:**

14.    On the date of the alleged incident, how frequently was the area where the incident occurred inspected, cleaned and/or maintained?

**RESPONSE:**

15.     Produce for inspection and copying any and all documents, (including time logs, cleaning logs, maintenance records, etc.) which support your answer to Interrogatory No. 14.

**RESPONSE:**

16.     With respect to all witnesses whom you will or may call as experts to give opinion testimony at the trial of this cause, state the following:

   a) name and address of the expert;

   b) the field in which he/she is offered as an expert;

   c) the substance of the facts in which he/she is expected to testify; and

   d) the substance of the opinions to which he/she is expected to testify in the summary for the grounds of each such opinion.

**RESPONSE:**

17.     Produce for inspection and copying any and all policies and procedures of the Defendant which relate in any way to the incident made the basis of the Complaint.

**RESPONSE:**

         /s/ CHARLES J. BARBER II
         CHARLES J. BARBER II (BAR199)
         Attorney for Plaintiff

OF COUNSEL:
GREENE & PHILLIPS
51 N. Florida Street
Mobile, Alabama  36607
251-478-1115 – Telephone
251-471-3920 – Facsimile

DOCUMENT 2

**DEFENDANT MAY BE SERVED AS FOLLOWS BY CERTIFIED MAIL:**

**Costco Wholesale Corporation**
**c/o CT Corporation System**
**2 N. Jackson St., Ste. 605**
**Montgomery, AL  36104**

DOCUMENT 2

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| **DANIELLE MARIE MCCRORY,** | * | |
| | * | |
| **Plaintiff,** | * | |
| **v.** | * | |
| | * | |
| **COSTCO WHOLESALE** | * | **CASE NO.:  CV-** |
| **CORPORATION, and Fictitious** | * | **TO BE SERVED** |
| **Defendants A – Z, being parties whose** | * | **WITH COMPLAINT** |
| **fault caused or contributed to the injuries** | * | |
| **sustained by the plaintiff which is the** | * | |
| **basis of this suit, and whose names,** | * | |
| **capacities and identities are otherwise** | * | |
| **unknown to the plaintiff and which will** | * | |
| **be added by amendment when** | * | |
| **ascertained,** | * | |
| | * | |
| **Defendant,** | * | |

### NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6)OF THE ALABAMA RULES OF CIVIL PROCEDURE (DUCES TECUM)

TO:             Costco Wholesale Corporation


DEPONENT:       30(b)(6) Representative of Costco Wholesale Corporation– the individual or individuals who are most knowledgeable regarding the allegations contained in the Complaint and Duces tecum

TIME:           TBD

DATE:           TBD

LOCATION:       Greene & Phillips
                Attorneys at Law
                51 N. Florida Street
                Mobile, Alabama  36607


Please take notice that the attorney for the Plaintiff Danielle Marie McCrory, will take the

testimony of the representative for Costco Wholesale Corporation, having the most complete

DOCUMENT 2

knowledge concerning the operation and business of Costco Wholesale Corporation, the dealings with and the matters made subject to this lawsuit.

The Plaintiff hereby advises Costco Wholesale Corporation, that pursuant to Rule 30(b)(6), Alabama Rules of Civil Procedure, said party has a duty to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf and may set forth for each person so designated the matters on which he/she will testify at the time, date and location indicated above, upon oral examination pursuant to the Alabama Rules of Civil Procedure, before an officer duly authorized to administer oaths and swear witnesses in the County of Mobile, State of Alabama. The oral examination will continue from day to day until completed and you are invited to attend if you so desire.

/s/ CHARLES J. BARBER II
CHARLES J. BARBER II (BAR199)
Attorney for Plaintiff

OF COUNSEL:
GREENE & PHILLIPS
51 N. Florida Street
Mobile, Alabama 36607
251-478-1115 – Telephone
251-471-3920 – Facsimile

**DEFENDANT TO BE PERSONALLY SERVED AS FOLLOWS:**

**Costco Wholesale Corporation**
**c/o CT Corporation System**
**2 N. Jackson St., Ste. 605**
**Montgomery, AL  36104**

DOCUMENT 7

ELECTRONICALLY FILED
11/12/2021 4:08 PM
02-CV-2021-901759.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| DANIELLE MARIE MCCRORY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION 02-CV-2021-901759 |
| COSTCO WHOLESALE CORPORATION, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## ANSWER

**COMES NOW COSTCO WHOLESALE CORPORATION,** the Defendant in the above-styled cause, and in response to the Plaintiff's Complaint and to each count and paragraph thereof, separately and severally, says as follows:

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The Defendant denies each and every material averment of the Plaintiff's Complaint and demands strict proof thereof.

### Third Defense

The Defendant denies that it was guilty of any carelessness or negligence as is alleged in Count I of the Complaint and denies further that any such alleged negligence on its part proximately caused or proximately contributed to the injuries and damages referred to in the Complaint.

### Fourth Defense

The Defendant denies that it was guilty of wantonness as is alleged in Count II of the Complaint and denies further that any such alleged wantonness on its part proximately caused or proximately contributed to the injuries and damages referred to in the Complaint.

### Fifth Defense

The Defendant denies that it was guilty of any claims of premises liability as is alleged in the Complaint and denies further that any such alleged premises liability on its part proximately caused or proximately contributed to the injuries and damages referred to in the Complaint.

### Sixth Defense

The Defendant avers that the incident complained of was proximately caused by an independent, intervening or superseding cause, and not by the acts of the Defendant.

### Seventh Defense

The Defendant avers that the Plaintiff Danielle Marie McCrory was himself guilty of negligence in connection with the claims asserted in the Complaint, and that such negligence on her part proximately caused or proximately contributed to the injuries and damages referred to in the Complaint.

### Eighth Defense

The Defendant(s) assert(s) that to the extent there was a hazard, it was or should have been open or obvious to the Plaintiff.

### Ninth Defense

The Defendant avers that the Plaintiff's claim is barred by the applicable statute of limitations.

### Tenth Defense

The Defendant pleads assumption of the risk.

### Eleventh Defense

The Defendant denies that it created any dangerous condition.

### Twelfth Defense

The Defendant denies it had actual or constructive notice of any dangerous condition.

### Thirteenth Defense

The Defendant avers the Plaintiff failed to mitigate her damages.

### Fourteenth Defense

The Defendant pleads that venue is improper.

### Fifteenth Defense

The Defendant denies that the Plaintiff was injured to the nature and extent claimed and demands strict proof thereof.

### Sixteenth Defense

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the United States of America.

### Seventeenth Defense

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the State of Alabama.

### Eighteenth Defense

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that punitive damages are vague and are not rationally related to legitimate government interests.

DOCUMENT 7

### Nineteenth Defense

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

### Twentieth Defense

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to the Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, the Defendant is entitled to the same procedural safeguards accorded to criminal Defendant.

### Twenty-First Defense

The Defendant avers that it is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose punitive damages against it, which are penal in nature, yet compel it to disclose potentially incriminating documents and evidence.

### Twenty-Second Defense

The Defendant avers that it is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against the Defendant which are penal in nature by requiring a burden of proof on the Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

### Twenty-Third Defense

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the Eighth Amendment to the Constitution of the United States of America in that

DOCUMENT 7

the damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### Twenty-Fourth Defense

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 15 of the Constitution of the State of Alabama 1901 in that the damages would be an excessive fine

### Twenty-Fifth Defense

The Defendant avers that any and all claims for punitive damages in this action are limited in amount by the application of Ala. Code (1975), §6-11-21.

### Twenty-Sixth Defense

The Defendant asserts any statutory cap on damages enacted at present or subsequent to the filing of this Answer.

### Twenty-Seventh Defense

The Defendant avers that there is no causal relationship between the actions of the Defendant and the injuries and damages referred to in the Complaint.

### Twenty-Eighth Defense

The Defendant denies Plaintiff was caused to suffer past or future mental anguish due to any allegations of negligence or wantonness of the Defendant.

### Twenty-Ninth Defense

The Defendant denies Plaintiff was caused to suffer both past & future lost wages, lost income, loss of earning capacity and lost employment benefits due to any allegations of negligence or wantonness of the Defendant.

**Thirtieth Defense**

The Defendant denies the Plaintiff was caused to expend money for medical expenses due

to any allegations of negligence or wantonness of the Defendant.

**Thirty-First Defense**

The Defendant reserves the right to amend this answer at a later date.

**THE DEFENDANT DEMANDS TRIAL BY STRUCK JURY
ON ALL ISSUES IN THIS CAUSE.**

_/s/ Paul J. DeMarco_
Paul J. DeMarco (DEM010)
Attorney for Defendant
Costco Wholesale Corporation

**OF COUNSEL:**
**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, AL 35216
Telephone:     (205) 326-6600
Fax:             (205) 324-7097
pdemarco@pljpc.com

---

**CERTIFICATE OF SERVICE**

---

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using
the AlaFile E-system which will send notification of such filing to the following:

Charles J. Barber, II
Greene & Phillips
51 N. Florida Street
Mobile, Alabama 36607

This the 12th day of November 2021.

_/s/ Paul J. DeMarco_
OF COUNSEL

DOCUMENT 9

ELECTRONICALLY FILED
11/12/2021 4:13 PM
02-CV-2021-901759.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| DANIELLE MARIE MCCRORY, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION 02-CV-2021-901759 |
| COSTCO WHOLESALE CORPORATION, | ) |
| et al., | ) |
| | ) |
|    Defendants. | ) |

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

Comes now the Defendant, **COSTCO WHOLESALE CORPORATION**, by and through its attorney, Paul J. DeMarco, and gives notice of filing the following discovery documents in the above-styled cause and serving a copy of same upon all attorneys of record.

X     Defendant Costco Wholesale Corporation Objections to Plaintiff's Interrogatories and Request for Production of Documents.


*/s/ Paul J. DeMarco*
Paul J. DeMarco (DEM010)
Attorney for Defendant
Costco Wholesale Corporation

**OF COUNSEL:**
**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, AL 35216
Telephone:   (205) 326-6600
Fax:         (205) 324-7097
pdemarco@pljpc.com

DOCUMENT 9

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the AlaFile E-system which will send notification of such filing to the following:

> Charles J. Barber, II
> Greene & Phillips
> 51 N. Florida Street
> Mobile, Alabama 36607

This the 12th day of November 2021.

/s/ Paul J. DeMarco
OF COUNSEL

DOCUMENT 10

ELECTRONICALLY FILED
11/12/2021 4:13 PM
02-CV-2021-901759.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

DANIELLE MARIE MCCRORY,                )
                                       )
    Plaintiff,                       )
                                       )
v.                                     )
                                       )    CIVIL ACTION 02-CV-2021-901759
COSTCO WHOLESALE CORPORATION,          )
et al.,                                )
                                       )
    Defendants.                      )

## DEFENDANT COSTCO WHOLESALE CORPORATION'S OBJECTIONS TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION

Comes now the Defendant, **COSTCO WHOLESALE CORPORATION,** and in response and objection to Plaintiff's First Interrogatories and Request for Production of Documents heretofore filed says as follows:

### GENERAL OBJECTIONS

1.    The Defendant objects to each discovery request to the extent that it may be interpreted to call for the production of information or documents which are privileged or confidential including the attorney-client privilege, the attorney work product privilege, information prepared in anticipation of litigation, or business trade secret.

2.    The Defendant objects to each discovery request to the extent that it may be interpreted to call for information, which is overly broad and burdensome, vague or ambiguous, not material, not relevant, not reasonably calculated to lead to the discovery of admissible evidence and not properly discoverable under the *Alabama Rules of Civil Procedure.*

## SPECIFIC OBJECTIONS

Without waiving the General Objections set forth hereinabove, the Defendant asserts the following additional objections:

## OBJECTIONS TO INTERROGATORIES

2.      The Defendant objects to this Interrogatory as it seeks information protected by the attorney/client and work product privilege or was prepared in anticipation of litigation.

3.      The Defendant objects to this Interrogatory as it seeks information protected by the attorney/client and work product privilege or was prepared in anticipation of litigation.

4.      The Defendant objects to this Interrogatory as it seeks information protected by the attorney/client and work product privilege or was prepared in anticipation of litigation.

6.      The Defendant objects to this interrogatory to the extent that it may be interpreted to call for information, which is overly broad and burdensome, vague or ambiguous, not material, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, not properly discoverable under the Alabama Rules of Civil Procedure.

7.      The Defendant objects to this Interrogatory as it seeks information, which is not relevant, not material, and not reasonably calculated to lead to the discovery of admissible evidence.

8.      The Defendant objects to this Interrogatory as it seeks information protected by the attorney/client and work product privilege or was prepared in anticipation of litigation.

10.      The Defendant objects to this interrogatory to the extent that it may be interpreted to call for information, which is overly broad and burdensome, vague or ambiguous, not material, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, not properly discoverable under the Alabama Rules of Civil Procedure.

11.    The Defendant objects to this interrogatory to the extent that it may be interpreted to call for information, which is overly broad and burdensome, vague or ambiguous, not material, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, not properly discoverable under the Alabama Rules of Civil Procedure.

12.    The Defendant objects to this Interrogatory as it seeks information, which is not relevant, not material, and not reasonably calculated to lead to the discovery of admissible evidence.

13.    The Defendant objects to this Interrogatory as it seeks information, which is not relevant, not material, and not reasonably calculated to lead to the discovery of admissible evidence.

16.    The Defendant objects to this Interrogatory as it seeks information protected by the attorney/client and work product privilege or was prepared in anticipation of litigation.


/s/ Paul J. DeMarco
Paul J. DeMarco (DEM010)
Attorney for Defendant
Costco Wholesale Corporation

**OF COUNSEL:**
**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, AL 35216
Telephone:    (205) 326-6600
Fax:           (205) 324-7097
pdemarco@pljpc.com

DOCUMENT 10

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the AlaFile E-system which will send notification of such filing to the following:

>Charles J. Barber, II
>Greene & Phillips
>51 N. Florida Street
>Mobile, Alabama 36607

This the 12th day of November 2021.

>/s/ Paul J. DeMarco
>OF COUNSEL